J-S10044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM MOORE III | : | |
| | : | |
| Appellant | : | No. 567 WDA 2023 |

Appeal from the PCRA Order Entered April 18, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000599-2019

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: MAY 8, 2024**

William Moore, III ("Moore") appeals from the order dismissing his first

petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court previously summarized the relevant factual and procedural

history as follows:

> Agent Richard Castagna testified that he was
> conducting mobile surveillance on November 27, 2018
> . . . in the City of Clairton due to a recent rash of
> shooting incidents and drug complaints. At the time
> of [Moore]'s arrest, Agent Castagna was a detective
> for the City of Clairton Police Department. . . . While
> he was conducting surveillance, he observed a black
> automobile driving up Miller Avenue and turn onto
> Farnsworth Avenue without its turn signal activated.
> Agent Castagna then initiated a traffic stop of the
> vehicle . . .. Prior to actually stopping the vehicle,
> Agent Castagna observed [Moore] place a backpack
> (later described as a blue Kenneth Cole Reaction
> bookbag) behind the driver's seat. Agent Castagna

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

approached the passenger side of the vehicle and Officer Tallie approached the driver's side. Both law enforcement officers smelled a strong odor of marijuana emanating from the vehicle. Both occupants of the vehicle were removed from the vehicle and patted down for officers' safety. The driver, Kelsey Gori, was cooperative and admitted that she had been smoking marijuana. She removed a baggie of marijuana from her bra and gave it to Officer Tallie. The passenger in the vehicle was [Moore]. Upon being removed from the vehicle and being patted down, [Moore] refused to identify himself. The officers began searching the vehicle. The officers also observed marijuana "roaches," or burnt marijuana cigarettes, in the vehicle. Soon, [Moore]'s mother and brother arrived on the scene of the traffic stop. [Moore] started to walk away from the site of the traffic stop. He was ordered not to leave. [Moore] became irate and began yelling at the police officers that they could not search his backpack. He told the officers at least three times that they could not search the backpack. [Moore]'s mother also yelled at the police officers that they could not search the backpack. [Moore]'s mother was also detained at the scene. As the officers approached the backpack, [Moore] left the scene of the traffic stop and entered a residence [on] Madison Avenue.

Officer Tallie then searched the backpack. Inside the backpack was a .45 caliber Springfield Armory pistol, marijuana, ammunition, . . . and ripped baggies used for drug sales.

Trial Court Opinion, 7/15/20, at 1-3. The trial court also concluded that the backpack contained "a knife with a 14-inch blade[.]" *Id*. at 3.

[Moore] filed a motion to suppress, and . . . the trial court conducted a hearing on the suppression motion. After accepting briefs and hearing additional oral argument, the trial court denied [Moore's] suppression motion on October 16, 2019. The trial court concluded that officers had probable cause to search Ms. Gori's vehicle because "Agent Castagna and Officer Tallie both smelled marijuana emanating from the vehicle[,] observed

- 2 -

'roaches' of marijuana in the vehicle[,]" and had taken possession of marijuana from Ms. Gori that she had concealed on her person. Trial Court Opinion, 7/15/20, at 5. The trial court further determined that the probable cause to search the vehicle also authorized the search of [Moore's] backpack within the car, but that, in any event, there existed independent probable cause to search the bag based upon [Moore's] actions at the scene, including his uncooperativeness and demands that the bag not be searched. *Id*.

[Moore] proceeded to a stipulated bench trial, where he was convicted of [persons not to possess a firearm, violating the Uniform Firearms Act, possession of drug paraphernalia, and possession of an instrument of crime ("PIC")]. On March 10, 2020, the trial court [imposed an prison term of five to ten years], followed by 3 years of probation, on the persons not to possess. . . charge. No further punishment was imposed on his remaining convictions. [Moore then filed a direct appeal.]

*Commonwealth v. Moore*, 263 A.3d 1193, 1196-97 (Pa. Super. 2021) (footnotes omitted); *appeal denied*, 278 A.3d 857 (Pa. 2022).

Notably, at the time Moore filed his suppression motion, the warrantless search of the vehicle was subject to our Supreme Court's ruling in *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014) (opinion announcing judgment of the court), which held that the search and seizure provision of Article I, Section 8 of the Pennsylvania Constitution provides no greater protection than does the Fourth Amendment to the United States Constitution with regard to warrantless searches of automobiles. *See id*. at 125. The *Gary* plurality thus concluded that, in line with United States Supreme Court decisions interpreting the Fourth Amendment, the only prerequisite for a warrantless search of a motor vehicle was probable cause to search, with no

- 3 -

exigency required beyond the inherent mobility of a motor vehicle. *See id*. at 138.

However, while Moore's direct appeal was pending in this Court, our Supreme Court issued its ruling in ***Commonwealth v. Alexander***, 243 A.3d 177 (Pa. 2020), which overruled its decision in ***Gary***. In ***Alexander***, our Supreme Court concluded that the Pennsylvania Constitution affords greater protection to our citizens than the Fourth Amendment to the United States Constitution, noting that "[t]he long history of Article I, Section 8 and its heightened privacy protections do not permit us to carry forward a bright-line rule that gives short shrift to citizens' privacy rights." ***Id***. at 207-08. Our Supreme Court thereby re-affirmed and reinstated the pre-***Gary*** line of cases that required police to have both probable cause and exigent circumstances before conducting a warrantless search of an automobile. ***See id***. at 181, 201, 207-09. Our Supreme Court instructed that courts "will have to decide, just as they did pre-***Gary***, whether exigent circumstances justified warrantless searches in discrete scenarios, with a focus on the particular facts." ***Id***. at 208.

Moore's direct appeal counsel attempted to invoke ***Alexander*** for the first time in his appellate reply brief. However, this Court determined that the issue had not been preserved for appellate review. This Court additionally determined that the evidence was insufficient to support Moore's conviction for PIC and vacated that conviction. However, this Court affirmed Moore's

remaining convictions and the judgment of sentence, and our Supreme Court denied allowance of appeal on May 18, 2022. ***See Moore***, 263 A.3d 1193; *appeal denied*, 278 A.3d 857. Moore did not seek review in the United States Supreme Court.

On June 14, 2022, Moore filed the instant timely *pro se* PCRA petition.[2] The PCRA court appointed counsel who filed an amended petition. The PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Moore filed a response in opposition to the Rule 907 notice. On April 18, 2023, the PCRA court entered an order dismissing the petition. Moore filed a timely notice of appeal, and both he and the PCRA court complied with Rule 1925.

Moore raises the following issues for our review:

1. The PCRA court erred in denying relief because Moore's case was pending on direct appeal when the Supreme Court entered its decision in . . . ***Alexander***.

_____

[2] Moore had ninety days in which to file a petition for *certiorari* in the United States Supreme Court. ***See*** U.S. Sup. Ct. R. 13. As Moore opted not to do so, his judgment of sentence became final upon the expiration of time for seeking such review on August 16, 2022. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the United State Supreme Court, or upon the expiration of time for seeking such review). Moore had one year from that date, or until August 16, 2023, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (providing that any petition shall be filed within one year of the date the judgment becomes final). Thus, Moore's petition, filed on June 14, 2022, was timely filed.

2. The PCRA court erred in denying relief because prior trial and appellate counsel provided ineffective assistance for failing to preserve the issue that the warrantless search of Moore's backpack was not supported by exigent circumstances, particularly because the automobile exception under *Gary* was under review by the Supreme Court before Moore's judgment of sentence became final.

Moore's Brief at 5 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a claim that has been previously litigated is not cognizable for collateral relief. *See* 42 Pa.C.S.A. § 9544(a)(2). The PCRA defines a matter as having been previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id*.; *see also Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011) (recognizing that a claim that has been previously litigated is not cognizable under the PCRA).

- 6 -

In his first issue, Moore contends that, because **Alexander** was decided while his direct appeal was pending and before his judgment of sentence became final, he was entitled to the benefit of the change in the law. Moore concedes that this Court previously addressed this issue and determined that Moore was not entitled to the relief he seeks herein. Moore nevertheless insists that he is entitled to the benefit of the change in the law brought about by **Alexander**.[3]

The PCRA court addressed Moore's first issue and determined that "[t]his precise claim has already been specifically rejected by the Superior Court in its opinion on direct appeal." PCRA Court Opinion, 8/3/23, at 2. The PCRA court further explained:

> In its opinion on direct appeal of [Moore's] case, the Superior Court specifically noted that [Moore] did not preserve his argument [that] the warrantless search of his bag was unsupported by exigent circumstances as required by **Alexander**. As a result, [Moore] cannot benefit from retroactive application of **Alexander** and this court properly denied his PCRA petition on that issue.

**Id**. at 3 (quotation marks and unnecessary capitalization omitted).

---

[3] Moore's first issue, as set forth in his statement of questions involved, is confined to the question of whether he was entitled to the benefit of the change in law brought about by **Alexander**. Accordingly, we confine our analysis of his first issue to the arguments related to this discrete claim of error and decline to address other arguments unrelated to this issue. **See** Pa.R.A.P. 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

- 7 -

Based on our review, we conclude that the PCRA court's determination is supported by the record and free from legal error. In Moore's direct appeal, this Court specifically addressed the question of whether Moore was entitled to the benefit of the change in the law brought about by *Alexander*, and explained its determination that he was not, as follows:

> [Moore] has waived his argument under *Alexander* that no exigent circumstances were present to justify the warrantless search of his backpack. [Moore] did reference the warrant requirement and exigent circumstances in his suppression motion, alleging that police "performed a search of the vehicle without a warrant, [p]robable [c]ause, exigent circumstances or consent." Motion to Suppress, 5/10/19, ¶4. However, at the suppression hearing, [Moore] did not raise the issue of exigent circumstances, contend that a warrant was required to search the vehicle, or argue that *Gary* should be overruled; instead, he confined his argument to whether the police had "establish[ed] independent probable cause to search [Moore's] bag" beyond the odor of marijuana in the vehicle and Ms. Gori's admission that she had been smoking marijuana. N.T., 7/18/19, at 32. Although the automobile exception in *Gary* was mentioned several times by the trial court and the Commonwealth at the suppression hearing, at no point did [Moore's] counsel insinuate that the Supreme Court decision was wrongly decided.
>
> Additionally, [Moore's Pa.R.A.P.] 1925(b) statement wholly failed to raise either the issue of whether the Commonwealth demonstrated exigent circumstances to justify the search of [his] bag or the validity of the automobile exception as adopted by *Gary*. . . . As [Moore] did not raise an issue with respect to exigent circumstances or challenge *Gary* in his Rule 1925(b) statement, the trial court did not address the issue in its Rule 1925(a) opinion. . . . [Moore] also did not raise an argument pertaining to exigent circumstances in his principal brief on appeal to this Court but rather first raised the issue in his reply brief, after *Alexander* was decided.
>
> Therefore, aside from a brief reference to the warrant requirement and exigent circumstances in his suppression motion, [Moore] did not argue to the trial court that anything more than probable

cause was required to support the vehicle search. Nor did [Moore] include any argument in his Rule 1925(b) statement related to exigency, the lack of a warrant for the vehicle search, or the **Gary** automobile exception. This case thus falls in line with [**Commonwealth v. Grooms**, 247 A.3d 31, 37 n.9 (Pa. Super. 2021)], where we declined to address whether exigent circumstances existed to justify a warrantless vehicle search as the appellant "did not contest the application of the automobile exception announced in **Gary**" and did not "address whether exigent circumstances existed to justify the officers' judgment that obtaining a warrant was not reasonably practicable."

**Moore**, 263 A.3d at 1199-1200.

Because this Court previously addressed and decided Moore's first issue in his direct appeal, it is not cognizable for purposes of the PCRA. **See** 42 Pa.C.S.A. § 9544(a)(2); **see also Spotz**, 18 A.3d at 281. Accordingly, Moore's first issue merits no relief.

In his second issue, Moore contends that his trial and appellate counsel were ineffective. Our standard of review of an ineffectiveness claim is well-settled:

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 687 . . . (1984). . . . Accordingly, to prove that counsel was ineffective, the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the

- 9 -

petitioner must advance sufficient evidence to overcome this presumption.

We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (some citations and quotation marks omitted).

The quality of counsel's stewardship is based on the state of the law as it existed at the time of trial; counsel is not ineffective if he fails to predict future developments or changes in the law. *See Commonwealth v. Gribble*, 863 A.2d 455, 464 (Pa. 2004) (holding that, in order to establish ineffective assistance of trial counsel, an appellant must demonstrate that counsel was incompetent under the law in existence at the time of trial); *see also Commonwealth v. Hill*, 104 A.3d 1220, 1240 (Pa. 2014) (holding that "review of counsel's conduct cannot indulge 'the distorting effects of hindsight,' but instead, counsel's performance must be judged in the light of the circumstances as they would have appeared to counsel at the time"); *Commonwealth v. Spotz*, 896 A.2d 1191, 1238 (Pa. 2006) (holding that the effectiveness of counsel is examined under the standards existing at the time of performance).

Moreover, counsel will not be deemed ineffective for failing to anticipate a change in the law. *See Commonwealth v. Rollins*, 738 A.2d 435, 451 (Pa. 1999); *see also Commonwealth v. Pizzo*, 602 A.2d 823, 825 (Pa.

1992) (holding that counsel need not predict changes in the law, and the granting of allocatur cannot be interpreted as an invalidation of the holding of the lower court).

Moore contends that his trial and appellate counsel were ineffective for failing to argue and preserve the issue that the warrantless search of Moore's backpack inside the vehicle was not supported by both exigent circumstances and probable cause, and that *Gary* should be overturned. Moore asserts that, although the written suppression motion did raise the issue of lack of exigent circumstances and a warrant, this aspect of the motion was not developed during the suppression hearing or oral argument on the suppression motion because trial counsel did not cite or discuss *Gary*, and instead focused on whether probable cause existed to search the backpack.

Moore argues that "the holding in *Gary* had been called into question when the Supreme Court of Pennsylvania granted allocator on September 24, 2019." Moore's Brief at 23. Moore concedes that our Supreme Court granted allocatur in *Alexander* after his suppression motion was initially argued and ruled upon; however, he points out that the grant of allocatur occurred during the period in which Moore's counsel was preparing his brief on the suppression issue to the trial court. According to Moore, the supplemental oral argument on his suppression motion was held on October 16, 2019, which was after allocatur had been granted. Thus, Moore argues, there was ample time for trial counsel to include argument on the lack of exigent circumstances and the

questionable future of the **Gary** holding. Moore additionally notes that, because his trial did not commence until March 10, 2020, which was approximately six months after the Supreme Court granted allocatur in **Alexander**, his trial counsel could have raised the issue in Moore's case prior to trial.

Moore further indicates that, when appellate counsel filed the Rule 1925(b) statement and his appellate brief, counsel argued that the police did not have probable cause to conduct the warrantless search of the closed backpack. Moore asserts that appellate counsel did not raise the issue of lack of exigent circumstances until the reply brief, which this Court deemed was too late. Moore contends that trial and appellate counsel were ineffective for failing to raise and preserve the issue, and thereby causing the issue to be waived. On these bases, Moore asserts that his underlying issue has arguable merit, trial and appellate counsel had no reasonable basis for not raising the issue, and there is a reasonable probability that, but for counsels' unprofessional errors, the results of the proceedings would have been different.

The PCRA court considered Moore's second issue and determined that it lacked merit. The court reasoned:

> [Moore's] notice of appeal of this court's suppression ruling was filed on April 9, 2020. He filed his concise statement . . . on May 29, 2020 and did not challenge whether exigent circumstances existed at the time of the search. **Alexander** was not decided until December 22, 2020. Counsel cannot be considered ineffective for failing to predict developments or changes in the

- 12 -

law. [*See*] *Gribble*, 863 A.2d [at] 464 . . .. Because counsel could not have been aware of the decision in *Alexander* at the time trial court proceedings were completed and he asserted his appellate issues, prior counsel cannot be deemed ineffective in this case.

PCRA Court Opinion, 8/3/23, at 3 (unnecessary capitalization omitted).

Based on our review, we conclude that the PCRA court's determination is supported by the record and free from legal error. In order to establish that trial counsel was ineffective, Moore was required to demonstrate that counsel was incompetent under the law in existence at the time of trial. *See Gribble*, 863 A.2d at 464; *see also Hill*, 104 A.3d at 1240; *Spotz*, 896 A.2d at 1238. Under the legal precedent that controlled this matter at the time of suppression and trial, there would have been no chance of success in arguing that, in addition to probable cause, police required exigent circumstances to conduct a warrantless search of Ms. Gori's vehicle. Rather, at both suppression and trial, controlling legal precedent permitted police to conduct a warrantless search of Ms. Gori's vehicle merely if there was probable cause to believe they could find contraband. *See Gary*, 91 A.3d at 138. Thus, trial counsel cannot be deemed ineffective for failing to raise an issue not supported by the existing law at the time of suppression and trial.

Similarly, at the time appellate counsel filed the Rule 1925(b) statement and the appellate brief, the existing law still permitted police to conduct a warrantless search of Ms. Gori's vehicle if there was probable cause to believe they could find contraband. *See Gary*, 91 A.3d at 138. Thus, appellate

counsel cannot be deemed ineffective for failing to raise an issue not supported by existing law. *See Gribble*, 863 A.2d at 464; *see also Hill*, 104 A.3d at 1240; *Spotz*, 896 A.2d at 1238.

Moreover, neither trial counsel nor appellate counsel can be deemed ineffective for failing to predict that *Gary* would be overturned or that there would be changes in the law related to vehicle searches. *See Rollins*, 738 A.2d at 451. The mere fact that allocatur had been granted in reference to *Gary* does not render their stewardship deficient. *See Pizzo*, 602 A.2d at 825.

Accordingly, as neither of Moore's issues merit relief, we affirm the order dismissing his first PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 5/8/2024

- 14 -